IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLES P. GRAHAM											PLAINTIFF

VERSUS							CIVIL ACTION NO. 2:06cv45KS-JMR

JUDGE BOB HELFREDGE, et al.									DEFENDANTS

<u>MEMORANDUM OPINION</u>

On February 6, 2006, the plaintiff filed a complaint [1-1] pursuant to 42 U.S.C. § 1983 and requested <u>in</u> <u>forma</u> <u>pauperis</u> status. On February 8, 2006, this Court entered two orders in the instant action.  One order directed the plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within 30 days.  The other order entered on February 8, 2006, directed the plaintiff to file within 30 days a completed application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts OR to file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court.  The envelope containing those orders was returned to this court marked "refused to sign."

On May 15, 2006, the plaintiff was ordered [6-1] to show cause in writing, within 15 days, why this case should not be dismissed for his failure to comply with this Court's order of February 8, 2006.  The envelope addressed to the plaintiff at his last known address containing the order to show cause was returned to this court with a notation "return to sender - undeliverable as addressed - unable to forward."  The plaintiff had been warned in the notice of assignment mailed to him on February 6, 2006, that if he did not comply with the Court orders and if he did not notify this court of a change of address his case could be dismissed without prejudice and without further notice to him.

Even though more than 20 days have elapsed since the deadline for compliance with the order to show causes and notwithstanding the court's warning in a notice of assignment that his failure to keep this court advised of his current address could result in the dismissal of this action, the plaintiff has failed to communicate with the Court, either to inquire as to the status of his case or to provide this office with a current address.  It is apparent from the plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 26th day of June, 2006.

> *s/ Keith Starrett*
> UNITED STATES DISTRICT JUDGE